**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of C.H. Robinson Worldwide, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06 C 2529 |
| PAUL L. LOEB, d/b/a AMERICAN BACKHAULERS, INC., and ALLIANCE FIRE PROTECTION, INC., an Illinois Corporation, | ) ) ) ) ) | **JURY DEMAND** The Honorable Judge George W. Lindberg |
| Defendants. | ) ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES Plaintiff ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of C.H. Robinson Worldwide, Inc. (hereinafter, "C.H. Robinson"), by and through its attorneys Mark S. Grotefeld and Megan E. Ritenour of Grotefeld & Denenberg, LLC, and for its First Amended Complaint at Law against Defendants Paul L. Loeb d/b/a American Backhaulers, Inc. and Alliance Fire Protection, Inc., states as follows:

**GENERAL ALLEGATIONS**

1.  Plaintiff Allianz Global Risks US Insurance Company (hereinafter, "Allianz") is a California corporation with its principal place of business at 2350 Empire Ave., Burbank, California, and at all times relevant hereto was duly authorized to issue policies of insurance in the State of Illinois.

2. Defendant Paul L. Loeb d/b/a American Backhaulers, Inc. (hereinafter, "Loeb") is a citizen of the State of Illinois residing at 223 Linden Park Place, Highland Park, Illinois and at all times relevant hereto was landlord for the property located at 1400 N. Dayton, Chicago, Illinois.

3. At all times relevant hereto, American Backhaulers, Inc. was an Illinois corporation with its principal place of business located in Chicago, Illinois.

4. Defendant Alliance Fire Protection, Inc. (hereinafter, "Alliance") is an Illinois corporation with its principal place of business located at 27845 N. Irma Lee Circle, Unit 101, Lake Forest, Illinois, and at all times relevant hereto was engaged in fire sprinkler system installation and maintenance in the State of Illinois.

5. The incident that serves as the basis for this Complaint at Law occurred at 1400 N. Dayton in the City of Chicago, County of Cook, State of Illinois (hereinafter, the "premises").

## JURISDICTION AND VENUE

6. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. The incident that serves the basis for this Complaint as law occurred in Cook County, Illinois in the Northern District of Illinois, Eastern Division. Subject matter jurisdiction exists in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

8. Plaintiff hereby incorporates by reference paragraphs 1 through 7 as though fully stated herein.

9. Plaintiff Allianz is a bonafide subrogee of C.H. Robinson pursuant to a policy of insurance issued by Allianz. Allianz paid $1,615,322.94 to or on behalf of C.H. Robinson as

indemnification and reimbursement for damages resulting from a water loss that occurred on October 4, 2003 at the premises, which served as a C.H. Robinson Data and Dispatch Center.

10. Pursuant to the terms of the policy and in consideration of the payments by Allianz, C.H. Robinson subrogated to Allianz all of its rights, claims and interests that it may have against any person or entity that may be liable for causing the reimbursed damages to the premises and C.H. Robinson property.

11. On or about November 18, 1999, C.H. Robinson and Loeb entered into an Asset Purchase Agreement, which included the assignment to C.H. Robinson as tenant of the existing lease for the 1400 N. Dayton premises.

12. Section 4.23(a) of the Asset Purchase Agreement also provided Loeb's warranty that, as Seller, he complied with all ordinances, rules, regulations and other requirements, including building and zoning codes, which affect the assets and real property being assigned under the Agreement. See Exhibit A attached hereto.

13. On July 13, 2000, Loeb assumed the lease and thus became C.H. Robinson's landlord at the 1400 N. Dayton premises. See Exhibit B attached hereto.

14. The applicable lease required the sprinkler system to be rehabilitated pursuant to insurance and code requirements. See Exhibit C attached hereto.

15. At all times relevant hereto, Loeb was landlord to C.H. Robinson at the 1400 N. Dayton premises.

16. At all times relevant hereto, Alliance was retained by C.H. Robinson as its fire sprinkler system contractor at the 1400 N. Dayton premises.

17. Alliance performed numerous acts of maintenance and repair to the fire sprinkler system at the 1400 N. Dayton premises, including an annual inspection in October 2002.

18. On or about October 4, 2003, a sprinkler head failed at the 1400 N. Dayton premises, causing water damage to the interior structure and personal property located therein (hereinafter, "the occurrence").

19. Subsequent investigation into the occurrence revealed its cause to be the failure of a sprinkler head of approximately 1926 vintage, resulting in a large influx of water pouring into C.H. Robinson's Data and Dispatch Center, damaging the central server room containing in excess of 50 servers as well as the multitude of workstations contained in the premises.

20. Applicable code, adopted by the City of Chicago, requires replacement of sprinkler heads after 50 years of use.

## COUNT I
## NEGLIGENCE - ALLIANCE FIRE PROTECTION, INC.

21. Allianz realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth in this Count I.

22. At all material times, Alliance, and/or its agents, employees and servants, was under a duty to exercise ordinary care for the safety of C.H. Robinson's real and personal property in the performance of its duties as the fire sprinkler system contractor.

23. Alliance, and/or its agents, employees and servants, breached the aforementioned duty owed to C.H. Robinson in one or more of the following ways:

    a.    failed to properly inspect the fire sprinkler system at 1400 N. Dayton;
    b.    failed to properly test the fire sprinkler system at 1400 N. Dayton to determine if any defects existed;
    c.    failed to replace the involved sprinkler head of approximately 1926 vintage;

  d. failed to hire and/or train competent, qualified, careful and prudent employees capable of performing the fire sprinkler system maintenance, improvements and repairs in a safe and workmanlike manner in accord with industry standards and procedures;
  e. failed to comply with all applicable codes and regulations; and
  f. failed to take all other necessary and reasonable precautions to prevent loss and damage to C.H. Robinson's real and personal property.

24. As a direct and proximate result of Alliance's negligence, Allianz suffered damages in the amount of $1,615,322.94 by virtue of its payments to or on behalf of C.H. Robinson.

WHEREFORE, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of C.H. Robinson Worldwide, Inc., requests judgment be entered in its favor and against Alliance Fire Protection, Inc. in the amount of $1,615,322.94, plus costs, and for such other and further relief as this Court deems equitable and just.

## COUNT II
## BREACH OF CONTRACT - PAUL L. LOEB

25. Allianz realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth in this Count II.

26. The involved contracts, the Asset Purchase Agreement and the Lease which Loeb assumed on July 13, 2000, represented that the premises complied with all applicable building codes and that its sprinkler system would be rehabilitated pursuant to insurance and code requirements.

27. This agreement was knowingly made for the direct benefit of C.H. Robinson, and Loeb agreed to comply with all applicable codes and rehabilitate the sprinkler system for the purpose intended.

28. C.H. Robinson relied upon this agreement that the premises and its sprinkler system were in compliance with all applicable building, insurance and code requirements.

Page 5

29. Loeb breached his duties and obligations under the Asset Purchase Agreement and the Lease by failing to ensure the premises complied with all applicable rules, regulations and codes and failing to rehabilitate the sprinkler system pursuant to insurance and code requirements, thus resulting in the failure of the involved 1926 vintage sprinkler head.

30. As a direct and proximate result of Loeb's breach of contractual duties, Allianz suffered damages in the amount of $1,615,322.94 by virtue of its payments to or on behalf of C.H. Robinson.

WHEREFORE, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of C.H. Robinson Worldwide, Inc., requests judgment be entered in its favor and against Paul L. Loeb d/b/a American Backhaulers, Inc. in the amount of $1,615,322.94, plus costs, and for such other and further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF WARRANTY - PAUL L. LOEB

31. Allianz realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth in this Count III.

32. Prior to the execution of the contracts, C.H. Robinson received from Loeb certain express or implied warranties regarding the sprinkler system, including that it would comply with all applicable building codes and that it would be rehabilitated to comply with insurance and code requirements.

33. C.H. Robinson and Loeb entered into an express and/or implied agreement in which Loeb promised to comply with all applicable codes and rehabilitate the sprinkler system for the purpose intended.

34. C.H. Robinson relied on Loeb's representations that the premises and its sprinkler system were in compliance with all applicable building, insurance and code requirements in accord with their agreement.

35. Loeb breached his express and/or implied warranty as the sprinkler system at 1400 N. Dayton was unsafe, presented a danger of and did cause property damage, and was not fit for its intended use and purpose.

36. Loeb, and/or his agents and employees, breached his express and/or implied warranty to C.H. Robinson in one or more of the following ways:

   a. failed to properly inspect the fire sprinkler system at 1400 N. Dayton;
   b. failed to properly test the fire sprinkler system at 1400 N. Dayton to determine if any defects existed;
   c. failed to replace the involved sprinkler head of approximately 1926 vintage;
   d. failed to hire and/or train competent, qualified, careful and prudent employees capable of performing the fire sprinkler system maintenance, improvements and repairs in a safe and workmanlike manner in accord with industry standards and procedures;
   e. failed to comply with all applicable codes and regulations; and
   f. failed to take all other necessary and reasonable precautions to prevent loss and damage to C.H. Robinson's real and personal property.

37. Loeb's breach of warranty resulted in the involved sprinkler head of approximately 1926 vintage failing, allowing water to pour into the C.H. Robinson Data and Dispatch Center, and causing the resultant water damage.

38. As a direct and proximate result of Loeb's breach of warranty, Allianz suffered damages in the amount of $1,615,322.94 by virtue of its payments to or on behalf of C.H. Robinson.

WHEREFORE, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogee of C.H. Robinson Worldwide, Inc., requests judgment be entered in its favor and against Paul L. Loeb d/b/a American Backhaulers, Inc. in the amount of $1,615,322.94, plus costs, and for such other and further relief as this Court deems equitable and just.

## COUNT IV
## NEGLIGENT MISREPRESENTATION - PAUL L. LOEB

39. Allianz realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 as though fully set forth in this Count IV.

40. In the course of selling the property subject to the Asset Purchase Agreement and leasing the premises at 1400 N. Dayton, Loeb supplied false information to C.H. Robinson concerning the condition of the structure's sprinkler system.

41. Loeb, in the course of his business, had a pecuniary interest in completing the Asset Purchase Agreement and maintaining the Lease agreement with C.H. Robinson.

42. Loeb advised C.H. Robinson that the building's sprinkler system was in compliance with all applicable building, insurance and code requirements and/or would be rehabilitated to meet such requirements. This information was meant to guide C.H. Robinson in accepting Loeb's proposal over others.

43. Loeb failed to exercise reasonable care in conveying to C.H. Robinson erroneous information regarding the quality and condition of the building's sprinkler system.

44. C.H. Robinson justifiably relied upon Loeb's erroneous statements in accepting the Asset Purchase Agreement and signing and continuing the Lease with Loeb as landlord.

45. The condition of the sprinkler system, namely the failure of the sprinkler head of approximately 1926 vintage, led to the water loss on October 4, 2003 at the C.H. Robinson Data and

Dispatch Center located 1400 N. Dayton, Chicago, Illinois.

46. As a direct and proximate result of Loeb's negligent misrepresentation, Allianz suffered damages in the amount of $1,615,322.94 by virtue of its payments to or on behalf of C.H. Robinson.

WHEREFORE, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, as subrogree of C.H. Robinson Worldwide, Inc., requests judgment be entered in its favor and against Paul L. Loeb d/b/a American Backhaulers, Inc. in the amount of $1,615,322.94, plus costs, and for such other and further relief as this Court deems equitable and just.

        Respectfully Submitted,

        ALLIANZ GLOBAL RISKS US INSURANCE CO.
        a/s/o C.H. Robinson Worldwide, Inc.,


        By:     /s/ Megan E. Ritenour
                One of its Attorneys

Mark S. Grotefeld
Megan E. Ritenour
GROTEFELD & DENENBERG, LLC
105 W. Adams St., Suite 2300
Chicago, Illinois 60603
T: 312.551.0200
F: 312.601.2402